## JACOB VAUGH et al. *v.* R. COX et al.

Where certain creditors of an estate sued out an injunction against C., as executor of D., to prevent him from removing certain property of the deceased beyond the limits of the State with a view of defeating the rights of creditors, and also to require him to give security to apply the property to the payment of the debts of the deceased, &c.; and in the mean time C. demurred to the bill, and then resigned his executorship of the estate, and administrators *de bonis non* were appointed on the estate by the probate court, and no decision was had on demurrer until after C.'s resignation, but the injunction was revived in the name of the administrators *de bonis non :— Held,* that the decision of the court below, sustaining the demurrer, was correct.

On appeal from the superior court of chancery; Hon. Charles Scott, chancellor.

The facts of the case are contained in the opinion of the court.

*T. J.* and *F. A. R. Wharton* for appellants.

*Freeman* and *Dixon* for appellees.

59 *

Mr. Justice FISHER delivered the opinion of the court.

The bill in substance alleges, that the appellee Cox was executor of the last will and testament of one Mildread Dickson, deceased; that the said Mildread was in her lifetime administratrix of the estate of her deceased husband, Roger Dickson; that she died before making a final settlement of said estate, or making full distribution to the heirs at law; that the security on her administration is insolvent; that Cox, her executor, was, by the terms of her will, exempted from giving security; that he had been cited before the probate court, to render an account of the administration of the said Mildread on the estate of Roger Dickson, deceased; that he had, upon false pretences, continued the account to a certain term in the probate court; that he was endeavoring to get possession of the slaves of his testatrix in the possession of the complainant Vaugh, with a view of removing them to the State of Louisiana, where they could not be subjected to the payment of the sum of money which would be found due to the complainants, as distributees of Roger Dickson, deceased, from the said Mildread Dixon, as administratrix of the said Roger Dickson. The object of the bill was to enjoin Cox from taking possession of said slaves, unless he should give security to have them forthcoming to satisfy the sum ascertained as due to the complainants by the account to be taken in the probate court of Jefferson county; and until such security should be given, to permit the complainants to retain possession of the said slaves.

The injunction appears to have been granted as prayed; the chancellor directing the defendant to give bond, as above named; and until such bond should be given, the slaves were left by the fiat in the possession of the complainants.

An injunction appears to have issued, but was returned not executed as to the defendant Cox. He, however, appeared and filed a demurrer to the bill.

Before the court made any decision on this demurrer, Cox appears to have resigned in the probate court of Jefferson county his letters testamentary, when Rachael F. Dickson and Minor E. Dickson were appointed administratrix and administrator *de bonis non* on the estate of the said Mildread Dickson.

The record of the probate court of Jefferson county, showing this state of the case, having been produced before the court below, the following order was made, to wit: " Ordered, that this cause be, and the same is hereby revived against Rachael F. Dickson and Minor E. Dickson, in the place of Robert Cox, executor, he having relinquished his office of executor of the will of Mildread Dickson; said R. F. and Minor E. Dickson being administratrix and administrator with the will annexed of said Mildread Dickson." Notwithstanding this order, the court below appears to have examined the demurrer, and held it well taken, and finally dismissed the bill; from which decree the complainant Vaugh appealed.

It is perfectly clear, from the foregoing statement of facts, if this order was not an absolute nullity, it was certainly unnecessary.

What is the prominent object of the bill? That Cox, the executor of Mildread Dickson, deceased, is about to remove her slaves out of the State, with a view of defeating the rights of the complainants, as her creditors; and to require him to give security to apply the property to the payment of the complainants' debt, when established; and that the complainants themselves should retain the property in their own hands till such security should be given. Admitting that the order of the chancellor, based upon this object of the bill, was perfectly right and proper as to Cox, what pretence can be urged for supporting the bill against the administrators appointed by the probate court, upon the resignation of Cox of his letters testamentary? When he surrendered his letters, he ceased to be executor; the property was still, according to the record, in the possession of the complainants. When Cox, the only party implicated in the fraud, or attempting to remove the property, ceased to be a party to the bill, it as a matter of course abated. There is nothing in the nature of the relief sought, or the great object of the bill, which could be prosecuted against the administrators with the will annexed. Is it to be inferred, that because the executor was about to prove faithless in the discharge of his trust, that the administrators who succeed will follow in his footsteps, and also prove faithless in this respect? If the chan-

cellor, in consequence of this suspected attempt to commit a fraud, refused to permit the executor to have possession of the estate except upon certain conditions, does it follow that these conditions must be enforced against the administrators, as to whom there is neither a charge or suspicion of fraud, or failure to perform their duty?

If, then, in no event could a decree be made against the administrators, how could the suit be revived against them? The question is too plain to require an answer.

When it appeared that Cox was no longer executor, the cause abated; all subsequent orders were, to say the least, useless, if not void.

The order of the court sustaining the demurrer, placed the party in no worse condition than he already was by the abatement; and hence he cannot complain of it.

Decree affirmed.